# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **ANTHONY MICHAEL,** | Case No. 23-06285 |
| Debtor. | Honorable Janet S. Baer |
| **VIKRAM KUMAR,** | |
| Plaintiff, | |
| v. | Adversary No. 23-_____ |
| **ANTHONY MICHAEL**, | |
| Defendant. | |

### COMPLAINT OF VIKRAM KUMAR TO DETERMINE
### THE DISCHARGEABILITY OF A DEBT UNDER 11 U.S.C § 523(a)(2)(A)

Vikram Kumar ("**Plaintiff**" or "**Judgment Creditor**"), by and through his undersigned counsel, for his complaint pursuant to 11 U.S.C. § 523(a)(2)(A) against Defendant Anthony Michael ("**Debtor**" or "**Defendant**") to except from discharge the debt owed by Debtor to Judgment Creditor arising from final orders awarding compensatory damages, punitive damages, and fees and costs, plus post-judgment interest thereon under applicable law (collectively, the "**Judgment Debt**") in the amount of $584,624.87, states as follows:

### JURISDICTION AND VENUE

1. This is an adversary proceeding under Section 523 of Title 11, United States Code (the "**Bankruptcy Code**") to determine the dischargeability of a debt.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and § 523(a) of the Bankruptcy Code.

1

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a) because this is a proceeding arising under the Bankruptcy Code and arising in the course of Debtor's pending chapter 11 case, Subchapter V, under Case No. 23-06285 (the "**Chapter 11 Case**").

## THE PARTIES

4. Plaintiff is an individual who resides in Cook County, Illinois.

5. Defendant is an individual who resides in Cook County, Illinois and who commenced the Chapter 11 Case by filing a voluntary petition on May 11, 2023 (the "**Petition Date**").

## THE CONTRACT

6. On or about March 6, 2018, Plaintiff, Debtor, and Debtor's business, Anthony Michael Interior Design, Ltd. ("**AMID**"), entered into discussions about Plaintiff's potential engagement of AMID and Debtor to provide interior design remodeling services for Plaintiff's residence located in Chicago (the "**Residence**"). Debtor was the sole shareholder of AMID and the person in control of AMID's operations. Debtor, on behalf of AMID, presented (the "**Presentation**") Plaintiff with floor plans, renderings, and material and design components that would be used for remodeling the Residence (the "**Project**"). Debtor told Plaintiff that the work and materials depicted in the Presentation would be completed for a budget of approximately $150,000.

7. On March 15, 2018, Debtor introduced Plaintiff to one of AMID's vendors to review the features of an automated master bedroom closet. Plaintiff thereafter agreed to include the automated master bedroom closet in the Project.

8. In April 2018, Plaintiff and AMID entered into a Letter of Agreement (the "**LOA**") for the Project, a copy of which is attached hereto as **Exhibit A** and is incorporated herein by this reference.

9. In the LOA, AMID agreed to redesign and renovate the entrance way, family room, living room, dining room, and master closet in the Residence and also to provide green box wood walls. The budget for all materials and labor to complete the scope of work set forth in the LOA was $200,000. The LOA also provided that the $200,000 budget could not be increased unless Plaintiff agreed to an increase after he and AMID made an item by item review of the materials and labor for the Project that was to be set forth in a proposal (the "**Proposal**") to be provided to Plaintiff by AMID.

10. In May 2018, the parties orally agreed that as part of the Project AMID and Debtor would also redesign the master bathroom in exchange for an additional payment not to exceed $75,000, which was to include all design components, material, and labor. (The LOA and the oral agreement to redesign the master bathroom are hereinafter collectively referred to as the "**Contract**").

11. Thus, pursuant to the terms of the Contract, Debtor, on behalf of AMID, agreed to provide the following work for a sum not to exceed $275,000:

    a. Redesign and remodel the entrance way;

    b. Redesign and remodel the family room;

    c. Redesign and remodel the living room;

    d. Redesign and remodel the dining room;

    e. Redesign and remodel the master bathroom;

    f. Redesign and remodel the master bedroom closet with an automated closet system; and

    g. Provide green box wood walls;

12. At no time did Plaintiff select or change any design elements or materials for the

Project. AMID and Debtor selected all design elements and materials and presented them to Plaintiff as finalized designs that would fit within the agreed-upon $275,000 budget. No additional modifications or upgrades to the original scope of the Project were ever agreed to by the parties.

13. Plaintiff remitted a deposit check of $22,500 to AMID as required by the LOA so that work on the Project could begin. AMID and Debtor represented to Plaintiff that the Project would be complete by the end of July 2018.

14. AMID and Debtor did not send the Proposal required by the LOA to Plaintiff until June 18, 2018, several weeks after work on the Project had commenced and after Plaintiff had nearly funded the $275,000 budget in full. The Proposal was in the amount of $439,862.75, along with Debtor's request for an additional payment of $78,959.40. The Proposal did not comply with the requirements specified in the LOA. At the time the Proposal was sent, Plaintiff had already paid AMID $227,909.42. Plaintiff immediately responded by questioning the accuracy of the Proposal.

15. At no time did AMID, Debtor, or any other employee or agent of AMID discuss the item by item elements of the Project with Plaintiff or obtain consent from Plaintiff to exceed the $275,000 budget. Plaintiff never approved the Proposal. AMID simply commenced work on the Project and sought additional payments from Plaintiff far in excess of the agreed $275,000 budget.

16. Plaintiff made the additional payment of $78,959.40 sought by AMID and Debtor on June 18, 2018 because (a) he and his family were living with relatives waiting to move into the Residence upon completion of the Project and (b) on that date Debtor told Plaintiff that AMID would cease all work on the Project if this payment was not made.

17. By July 2018, the Project was nowhere near complete and the Residence

was uninhabitable. Debtor and AMID made ever increasing demands on Plaintiff for payments for labor and materials that were supposed to have been included in the $275,000 budget.

18. In or about mid-September 2018, Plaintiff and his family were able to move into the Residence, but for the next two months they had to live out of their guest room because of the incomplete construction work.

### THE STATE COURT ACTION, JURY VERDICT AND RELATED JUDGMENTS

19. On June 7, 2019, Plaintiff filed a lawsuit against Debtor and AMID in the Circuit Court of Cook County, County Department, Law Division, styled *Vikram Kumar v. Anthony Michael Interior Design, Ltd. and Anthony Michael,* Case No. 2019 L 6285 (the "**State Court Action**"). Thereafter, Plaintiff filed his Third Amended Complaint at Law, a copy of which without exhibits is attached hereto as **Exhibit B** and is incorporated herein by this reference. The complaint alleged four causes of action, including Count I – breach of contract against AMID only, Count II – common law fraud against both AMID and Debtor, and Count III – consumer fraud against both AMID and Debtor.

20. After the close of evidence in the five-day trial on Counts I, II and III, the court provided jury instructions to the jury, a copy of which is attached hereto as **Exhibit C** and is incorporated herein by this reference.

21. With respect to Count I, the jury instructions included the following:

   a. That Plaintiff had the burden of proving (i) the terms of the Contract, (ii) Plaintiff performed all of his obligations under the Contract, (iii) AMID failed to perform its obligations under the Contract, and (iv) AMID's failure to perform resulted in damage to Plaintiff;

5

  b. With respect to the first element of the claim, Plaintiff claims the Contract provided (i) pursuant to the LOA, in exchange for a payment of $200,000, AMID was required to remodel the Residence by providing all materials and labor to complete the scope of work set forth in the LOA, (ii) the $200,000 budget could only be increased if Plaintiff first agreed to an increase after he and AMID made an item by item review of the materials and labor for the Project set forth in the Proposal to be provided by AMID to Plaintiff, and (iii) pursuant to an oral agreement among Plaintiff and AMID, in exchange for an additional payment of $75,000, AMID was required to provide all materials and labor to remodel the bathroom in the master bedroom of the Residence;

  c. With respect to the third element of the claim, Plaintiff must prove that AMID breached the Contract (i) by failing to provide all materials and labor to remodel the Residence within the scope of work set forth in the Contract for the agreed price of $275,000, (ii) failed to make an item by item review of a Proposal with Plaintiff, (iii) charged Plaintiff more than the agreed price set forth in the Contract, (iv) failed to complete the Project to remodel the Residence, and (v) failed to pay contractors who materials and labor for the Project;

  d. Since AMID is a corporation, any act of an agent or employee of AMID is an act of AMID; and

  e. A partly oral and partly written contract is as valid and enforceable as a written contract.

22. With respect to Count II, the jury instructions included the following:

  a. AMID and Debtor stated to Plaintiff (i) AMID would complete the work within the scope of the LOA for $200,000, (ii) the quality of the material used for the

6

Project would be consistent with materials depicted in the Presentation provided to Plaintiff before he executed the LOA, and (iii) AMID would remodel the bathroom in the master bedroom with materials and labor consistent with the quality depicted in the Presentation for a total cost of no more than $75,000;

      b.      Plaintiff claims the statements were false statements of material facts or the statements were made in reckless disregard of whether they were true or false;

      c.      Plaintiff claims AMID and Debtor made the statements with the intent to induce Plaintiff to sign the LOA and enter into the oral agreement;

      d.      Plaintiff claims he reasonably believed the statements and justifiably relied on the truth of the statements when he entered into the Contract; and

      e.      Plaintiff claims he sustained damage as the result of his reliance.

23. The jury also was instructed that the verdict must be unanimous and should be for Plaintiff if the jury determines Plaintiff proved the first two elements above by clear and convincing evidence and that the third, fourth and fifth elements above are more probably true than not true.

24. The jury was instructed that if it found in favor of Plaintiff on Count II, it must fix the amount of damages that will reasonably and fairly compensate Plaintiff for (a) the amount of money Plaintiff he paid AMID in excess of $275,000, (b) the amount of money Plaintiff will need to spend to complete the work required under the Contract, and (c) the amount of money Plaintiff paid to contractors who were not paid by AMID.

25. The jury was instructed it could award Plaintiff punitive damages if it determines the conduct of AMID and Debtor was willful and malicious and in an amount sufficient to deter defendants and others from similar conduct.

26. The jury deliberated and returned the jury forms attached to the jury instructions. On Count I against AMID only, the jury unanimously determined AMID breached the Contract. The jury also unanimously determined Plaintiff was entitled to damages under Count II due to the common law fraud committed by both AMID and Debtor. The court thereupon entered an order on October 11, 2022, entering judgment in favor of Plaintiff on Counts I and II. The jury awarded Plaintiff compensatory damages in the amount of $289,108.00 strictly on Count II against both AMID and Debtor and punitive damages against Debtor in the amount of $101,187.80 on Count II. Thereafter, following argument on Count III, the court entered an order on December 28, 2022, awarding Plaintiff the additional amount of $172,000.00 as and for reasonable attorneys' fees and costs incurred. On January 23, 2023, the court ruled on defendants' motions for judgment notwithstanding the verdict and motion to modify or vacate the earlier judgment. The court reduced the award of fees and costs by $3,122.00 and denied defendants' post–trial motions in all other respects. Copies of the foregoing orders are attached hereto as **<u>Exhibit D</u>** and are incorporated herein by this reference.

27. As a result of the foregoing orders, as of the Petition Date, the Judgment Debt Debtor owed Judgment Creditor was in the amount of $559,173.80, plus post-judgment interest of 9% per annum under applicable law, for a total amount of $584,624.87. On June 15, 2023, Plaintiff filed an amended proof of claim in the Chapter 11 Case in the amount of $584,624.87 as Claim No. 1-2.

**THE JUDGMENT DEBT SHOULD BE EXCEPTED FROM DISCHARGE PURSUANT TO § 523(a)(2)(A) OF THE BANKRUPTCY CODE**

28. Section 523(a)(2)(A) of the Bankruptcy Code provides as follows:

> (a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –

* * *

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

29. As proven in the State Court Action, Debtor engaged in a series of events, activities or communications which, when considered collectively, created a false and misleading set of circumstances in which Plaintiff was wrongly induced by Debtor to enter into the Contract.

30. Debtor's omission of failing to provide the Proposal as required by the LOA so that Plaintiff and Debtor, on behalf of AMID, could review all materials and labor an item by item basis needed for the Project created the false impression that all work required to complete the Project in accordance with the LOA was in consideration of a price of $200,000.

31. Debtor made numerous false representations or omissions to Plaintiff which he either knew were false or made with reckless disregard to the truth.

32. Debtor's false representations or omissions pertained to material facts.

33. As proven in the State Court Action, by making these false representations or omissions, Debtor intended to deceive Plaintiff.

34. As proven in the State Court Action, Plaintiff justifiably relied on Debtor's false representations or omissions.

35. Plaintiff would not have entered into the Contract if he had been aware of Debtor's misrepresentations or material omissions.

36. The Judgment Debt is owed to Plaintiff due to Debtor's false

representations or omissions.

37. Debtor's conduct was willful and malicious. As a result, the jury unanimously determined that Plaintiff was entitled to an award of punitive damages against Debtor.

38. Defendant's conduct constitutes false pretenses.

39. Defendant's conduct constitutes false representations.

40. Defendant cheated Plaintiff by his unfair conduct.

41. The totality of the circumstances in which Debtor directly and on behalf of AMID dealt with Plaintiff is deceptive conduct by Defendant intended to deceive or cheat Plaintiff.

42. Defendant committed actual fraud in his dealings with Plaintiff.

43. The Judgment Debt is owed by Defendant to Plaintiff as a direct result of Defendant's actual fraud.

44. The Judgment Debt should be excepted from discharge due to Defendant's false pretenses, false representations, and actual fraud.

WHEREFORE, Plaintiff Vikram Kumar prays for entry of judgment against Debtor Anthony Michael determining that the Judgment Debt owed by Debtor is excepted from discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code, and granting Plaintiff such further and additional relief as may be equitable and just.

Dated: June 21, 2023                                Respectfully submitted,

                                                    Vikram Kumar

                                                    By: /s/ Charles S. Stahl, Jr.
                                                        One of his attorneys

Charles S. Stahl, Jr. (ARDC No. 2699915)
Swanson, Martin & Bell, LLP
2525 Cabot Drive, Suite 204
Lisle, Illinois 60532
Telephone: 630-780-8472
cstahl@smbtrials.com

and

Anish Parikh (ARDC No. 6298612)
Parikh Law Group, LLC #49168
150 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
anish@plgfirm.com