## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11 Proceeding** |
| | ) | |
| **ANTHONY MICHAEL,** | ) | **Case No. 23-06285** |
| | ) | |
| **Debtor.** | ) | **Honorable Janet S. Baer** |
| | ) | |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 2, 2023 at 10:00 a.m., I will appear before the Honorable Janet S. Baer or any judge sitting in that judge's place, either in courtroom 615 of the Dirksen Federal Courthouse, 219 S. Dearborn Street, Chicago, Illinois, or electronically as described below, and present the debtor's Motion to Extend Time to File The Plan of Reorganization, a copy of which is attached.

All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government (audio only).

To appear by Zoom using the internet, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

To appear by Zoom using a telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

Meeting ID and passcode. The meeting ID for this hearing is 160 731 2971, and the passcode is 587656. The meeting ID and passcode can also be found on the judge's page on the court's website.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

**ANTHONY MICHAEL**

By:____/s/ Gregory J. Jordan_____
One of His Attorneys

Gregory J. Jordan (ARDC# 6205510)
Mark R. Zito (ARDC# 6276231)
Jordan & Zito LLC
350 N. LaSalle Drive., Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com
mzito@jz-llc.com

## CERTIFICATE OF SERVICE

I, Gregory J. Jordan, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on July 26, 2023 before 6:00 p.m.

/s/ Gregory J. Jordan

## SERVICE LIST

### Electronic Service List

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

William B Avellone
bill.avellone@charteredmgt.com,
I008@ecfcbis.com

Micah R Krohn on behalf of Creditor Frances Gecker, as Chapter 7 trustee of Anthony Michael Interior Design, Ltd.
mkrohn@fgllp.com,
csmith@fgllp.com,
mmatlock@fgllp.com,
csucic@fgllp.com

Monica C O'Brien on behalf of Creditor Gregory K. Stern, PC
monica@gregstern.com

Gregory K Stern on behalf of Creditor Gregory K. Stern, PC
greg@gregstern.com,
monica@gregstern.com

Charles S. Stahl, Jr. and Anish Parikh on behalf of Creditor Vikram Kumar
cstahl@smbtrials.com
anish@plgfirm.com

Kurt Carlson and Lina Toma on behalf of Creditor Wintrust Mortgage
BMO Harris Bank N.A.
kcarlson@carlsondash.com,
ltoma@carlsondash.com,
knoonan@carlsondash.com;bmurzanski@carlsondash.com

### Mail Service List

Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11 Proceeding** |
| | ) | |
| **ANTHONY MICHAEL,** | ) | **Case No. 23-06285** |
| | ) | |
| Debtor. | ) | **Honorable Janet S. Baer** |
| | ) | |

**MOTION TO EXTEND TIME TO FILE THE PLAN OF REORGANIZATION**

Anthony Michael, the debtor and debtor in possession, moves the Court to extend the time to file his plan of reorganization, and in support states:

**JURISDICTION AND GROUNDS FOR RELIEF**

1. This Court has subject matter jurisdiction over this motion under 28 U.S.C. § 1334. This motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The Court can exercise its subject matter jurisdiction under 28 U.S.C. § 157(b)(1). Venue of this proceeding and this motion is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this motion is 11 U.S.C. § 1189.

**Background**

2. The debtor filed this case on May 11, 2023.

3. On May 15, 2023, the Office of the United States Trustee appointed William Avellone s Subchapter V Trustee.

4. The debtor filed this case due to the entry of a $584,624.87 judgment in favor of Vikram Kumar, one of his creditors. Kumar served twenty-two third-party citations to discover assets, including citations on the debtor's wholly-owned company's clients. As a result of the service of the citations to discover assets, the debtor lost several relationships, and at least one client declined to proceed with a project that the debtor had anticipated undertaking.

5. Traditionally, the debtor's business has slowed in the summer, with projects increasing in the fall.

6. The debtor has identified several potential jobs, including one for a client who will fly the debtor to his home to review a possible engagement.

7. While the debtor's current portfolio of contracts is not strong, he anticipates it will increase after the summer hiatus ends.

8. The debtor has conferred with his counsel regarding the parameters of a plan of reorganization and initiated discussions with Kumar's counsel. The debtor has not, however, presented a proposed plan.

9. The debtor lives in a condominium in Chicago which he conservatively valued at $590,000 in his schedules. A mortgage lien of 460,474.27 encumbered the property on the petition date. See Wintrust Mortgage proof of claim 6. Kumar also holds a judgment lien. As a substantial part of his plan, the debtor anticipated retaining a real estate broker and selling the property to reduce Kumar's claim.

10. Since the debtor filed this case, several unit owners in his building have listed their units at prices substantially reduced prices, which will substantially reduce or eliminate the proposed distribution to the debtor's largest creditor.

11. Rather than file a placeholder plan requiring the debtor to make substantial estimates, he seeks additional time to formulate his plan.

12. To obtain an extension of the date by which to file a plan of reorganization, the court in I*n re Baker*, 625 B.R. 27, 35 (Bankr. S.D. Tex. 2020) reviewed the following factors:

> (1) whether the circumstances raised by Debtor were within his control, (2) whether Debtor has made progress in drafting a plan, (3) whether the deficiencies preventing that draft from being filed are reasonably related to the identified circumstances, and (4) whether any party-in-interest has moved to dismiss or convert Debtor's case or otherwise objected to a deadline extension in any way. These considerations are

2

based on the plain language of § 1189(b) and the discretion that provision confers on courts.

Id. at 35.

13. The circumstances the debtor raises regarding the loss of business, the seasonality within his industry, and the problems with the real estate market are all outside of his control. The loss of business resulted from Kumar's collection efforts. While undoubtedly Kumar did not intend to destroy his source of potential recovery, his citations damaged the debtor's ability to reorganize. Similarly, the debtor cannot control his clients' vacation schedules or unit owners' decisions to sell their units at reduced prices.

14. The debtor has made progress in drafting a plan through conversations with counsel and examining his options. After an initial consultation with Kumar, which led the debtor to believe that no consensual plan was likely, the debtor and Kumar subsequently initiated general discussions regarding a plan.

15. Because of the circumstances that the debtor has articulated above, the deficiencies that have prevented the debtor from submitting a draft are directly and certainly reasonably related to the identified circumstances.

16. Finally, no creditor has moved to dismiss or convert the debtor's case or otherwise objected to a deadline extension in any way. Notwithstanding the preceding, the debtor has contacted Vikram Kumar's counsel to determine whether his client objects to the relief sought in this motion; however, Kumar's counsel could not reach his client for a response.

## Relief Requested

17. The debtor requests that the Court extend the deadline for 60 days to allow the debtor to formulate a plan of reorganization that is fair and equitable to his creditors.

3

WHEREFORE, Anthony Michael, the debtor and debtor in possession, requests that the Court extend the deadline for his filing of a plan of reorganization for sixty (60) days and grant other just relief.

Dated:  July 26, 2023                                     **ANTHONY MICHAEL**

By:   /s/ Gregory J. Jordan
One of His Attorneys

**4**